NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
ANIL J. ANTONY (Cal. Bar No. 258839)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
JOSEPH B. WOODRING (Cal. Bar No. 272940)
Assistant United States Attorney
Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6579/0284
     Facsimile: (213) 894-2927
     E-mail:    anil.j.antony@usdoj.gov
                joseph.woodring@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-00322-ODW |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF SENSITIVE INFORMATION |
| v. | |
| RAMON OLORUNWA ABBAS,<br>  aka "Ray Hushpuppi,"<br>  aka "Hush," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Anil J. Antony and Joseph B. Woodring, and defendant RAMON OLORUNWA ABBAS ("defendant"), by and through his counsel of record, Gal Pissetzky (collectively the "parties"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a Protective Order in this case.

The bases for this stipulation and request are the following:

1.  On July 29, 2020, the United States Attorney filed an Information charging defendant with violations of 18 U.S.C. §§ 1956(h) (Conspiracy to Engage in Money Laundering); 1349 (Conspiracy to Commit Wire Fraud); 1956(a)(2)(B)(i) (International Money Laundering); and 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity).  Defendant is detained pending trial.

2.  As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendant, and seeks to provide those documents to counsel for defendant (although some of the materials may exceed the scope of the government's discovery obligations).  The government's discovery productions will consist of thousands of pages of documents, as well as additional audio and video files, forensic extractions of data from digital devices, and PDF and/or HTML files containing documents seized from online accounts.

3.  Among the documents that the government intends to produce to defendant are documents that contain personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), including personal names, dates of birth, addresses, government identification numbers, financial account numbers, email addresses, photographs, and other PII, as well as material that may contain information within the scope of the Privacy Act.  Some of this information relates to victims and witnesses, while in other instances it relates to coconspirators.  Additionally, the government intends to produce sensitive financial information related to victims, information related to uncharged

coconspirators, and potentially sensitive information related to law enforcement investigative techniques and ongoing law enforcement investigations. The information described in this paragraph is collectively referred to herein as "Sensitive Information."

4. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing Sensitive Information. If this Sensitive Information is disclosed to defendant without limitation, it will risk exposure of (a) the privacy and security of the information's legitimate owners, (b) sensitive victim-related information; (c) information about uncharged subjects of the government's investigation and other law enforcement investigations, and (d) potentially sensitive law-enforcement investigative techniques. The government has an ongoing obligation to protect victims and third parties, and also wishes to protect against the dissemination of other of the information. The government thus cannot simply produce to defendant an unredacted set of discovery containing Sensitive Information.

5. Sensitive Information makes up a significant part of the discovery in this case. Sensitive Information is interspersed throughout the discovery in this case, and the Sensitive Information itself, in many instances, has evidentiary value. To redact this information by hand would be prohibitively time consuming and, significantly, may also prevent defense counsel from effectively reviewing relevant material in the documents containing Sensitive Information. Additionally, if the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the

3

United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise his or her client, or prepare for trial.

6. The parties recognize that the materials containing Sensitive Information that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that preserves the privacy and security of victims, third parties, and coconspirators, and protects the government's interests mentioned above, while placing limitations on defendant's ability to disseminate and distribute Sensitive Information.

7. Therefore, the parties stipulate to the entry of the Protective Order for discovery that the government will provide to counsel for defendant in the above-captioned case. The Protective Order will encompass any and all discovery produced in this case — that is, any written or typed documentation, electronic data, and/or audio or video recordings provided to the defense team, as defined below, including any paper or electronic copies of the discovery produced before or after the execution of the Protective Order.

8. The parties hereby stipulate that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the above-described interests, while permitting the defense to understand the government's evidence against defendant:

a. The term "document" shall include written or printed matter of any kind including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). The term "document" shall also include letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on computer, magnetic, electronic, or optical media such as computer hard drives, DVDs, CDs, audio or video tapes, computer tapes or discs, microfiche, films, and all manner of electronic data processing storage.

b. The term "Protected Discovery" shall mean the Sensitive Information contained in such documents that are produced to defendant and/or defense counsel by the government in discovery in this case.

c. The government may mark discovery produced subject to the Protective Order as "SUBJECT TO PROTECTIVE ORDER," although such a mark is not necessary to bring materials under the protections of the Protective Order.

d. For purposes of the Protective Order, the term "defense team" refers to (1) defendant, (2) defendant's counsel of record, (3) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (4) defense investigators who are assisting defense counsel with this case, (5) retained experts or potential experts, and (6) paralegals, legal assistants, and other support staff to

5

defendant's counsel of record providing assistance on this case -- all of whom shall be advised by undersigned defense counsel of their obligations under the Protective Order and must affirm to undersigned defense counsel that they agree to be bound by the terms of the Protective Order prior to being granted access to Protected Discovery. The term "defense team" does not include family members or any other associates of defendant.

   e. The defense team shall not permit anyone who is not a member of the defense team to retain in his or her possession any Protected Discovery.

   f. The defense team shall access and use Protected Discovery for the sole purpose of preparing for trial or any related proceedings in the above-captioned criminal matter, including any appeal and any motion filed by defendant pursuant to 28 U.S.C. § 2255, and for no other purpose.

   g. The defense team may review Protected Discovery with witnesses or witnesses' counsel in this case. Before being shown any portion of the Protected Discovery, however, any witness or witness' counsel must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or witness' counsel may retain the Protected Discovery, or any copy thereof, after his or her review of those materials with the defense team is complete.

   h. The undersigned counsel of record for defendant shall, as the defense team's custodian of the Protected Discovery, keep a list of witnesses who have agreed to be bound by the terms of this Protective Order, which list may be disclosed to the Court in

the event that the Court is asked to determine whether a possible breach of the Protective Order has occurred.

     i.   The defense team shall maintain the Protected Discovery safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

     j.   To the extent that notes are made that memorialize, in whole or in part, the contents of any Protected Discovery, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Discovery and must be handled in accordance with the terms of the Protective Order.

     k.   In the event that a party needs to file Protected Discovery with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless the parties agree in writing that the specific document or documents may be filed in the public record.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention before the filing.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Sensitive Information and make all reasonable attempts to limit the divulging of Sensitive Information.

     l.   Upon the final disposition of this case, the Protected Discovery shall not be used, in any way, in any other matter, absent a court order.  All Protected Discovery maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.

Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return the Protected Discovery, certify that such materials have been destroyed, or certify that such materials are being kept by defense counsel pursuant to the Business and Professions Code and the Rules of Professional Conduct.

      m.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must sign this Protective Order before any Protected Discovery may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of the Protected Discovery and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or certifying the retention pursuant to the Business and Professions Code and the Rules of Professional Conduct of all Protected Discovery.

      n.  The parties may modify the definition of Sensitive Information by stipulation.

    7.  Defense counsel has conferred with defendant regarding this stipulation and the proposed Protective Order, and defendant agrees to the terms of the proposed Protective Order.

//
//
//
//
//
//

8. Accordingly, the parties have agreed to request that the Court enter a Protective Order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: August 10, 2020

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

*Joseph B. Woodring*
ANIL J. ANTONY
JOSEPH B. WOODRING
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: August 17, 2020

_____
GAL PISSETZKY
Attorney for Defendant
RAMON OLORUNWA ABBAS