UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>RAMON OLORUNWA ABBAS,<br>   aka "Ray Hushpuppi,"<br>   aka "Hush,"<br><br>              Defendant. | 2:20-CR-00322-ODW<br><br>PROTECTIVE ORDER LIMITING DISCLOSURE OF SENSITIVE INFORMATION |

The Court having considered the stipulation of the government, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Anil J. Antony and Joseph B. Woodring, and defendant RAMON OLORUNWA ABBAS ("defendant"), by and through his counsel of record, Gal Pissetzky  (collectively, the "parties"), with respect to the disclosure of sensitive and confidential information contained in discovery to be provided by the government to counsel

of record for defendant in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

1. In order to permit the government to provide discovery material to the above-named counsel of record for defendant while protecting against the unauthorized dissemination, distribution, or use of documents containing personal identifying information of real persons (including personal names, dates of birth, addresses, government identification numbers, financial account numbers, email addresses, passwords, photographs, and other personal identifying information); material of a personal nature related to defendants, alleged coconspirators, alleged victims, and witnesses; information about uncharged coconspirators or subjects of the investigation and of other law enforcement investigations; and potentially sensitive information related to law enforcement investigative techniques and ongoing law enforcement investigations (collectively, "Sensitive Information"), the parties have stipulated to the entry of this Protective Order in the above-captioned case.

2. This Protective Order will encompass any and all discovery produced in this case — that is, any written or typed documentation, electronic data, and/or audio or video recordings provided to the defense team, as defined below, including any paper or electronic copies of the discovery produced before or after the execution of the Protective Order. The government may mark discovery produced subject to the Protective Order as "SUBJECT TO PROTECTIVE ORDER," although such a mark is not necessary to bring materials under the protections of the Protective Order.

3. The term "document" shall include written or printed matter of any kind including originals, conforming copies, and non-

conforming copies (e.g., a copy of an original with an added notation).  The term "document" shall also include letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on computer, magnetic, electronic, or optic media such as computer hard drives, DVDs, CDs, audio or video tapes, computer tapes or discs, microfiche, films, and all manner of electronic data processing storage.

4.   The term "Protected Discovery" shall mean Sensitive Information contained in such documents that are produced to defendant and/or defense counsel by the government in discovery in this case.

5.   Protected Discovery may be possessed by, accessed by, or disclosed to only the "defense team."  The term "defense team" refers to (1) defendant, (2) defendant's counsel of record, (3) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (4) defense investigators who are assisting defense counsel with this case, (5) retained experts or potential experts, and (6) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom shall be advised by the above-named defense counsel of their obligations under the Protective Order and must affirm to the above-named defense counsel that they agree to be bound by the terms of the Protective Order prior to being granted access to Protected

3

Discovery.  The term "defense team" does not include family members or any other associates of defendant.

6.   The defense team shall not permit anyone who is not a member of the defense team to retain in his or her possession any Protected Discovery.

7.   The defense team shall access and use Protected Discovery for the sole purpose of preparing for trial or any related proceedings in the above-captioned criminal matter, including any appeal and any motion filed by defendant pursuant to 28 U.S.C. § 2255, and for no other purpose.

8.   The defense team may review Protected Discovery with witnesses or witnesses' counsel in this case.  Before being shown any portion of the Protected Discovery, however, any witness or witness' counsel must be informed of, and agree to be bound by, the requirements of the Protective Order.  No witness or witness' counsel may retain the Protected Discovery, or any copy thereof, after his or her review of those materials with the defense team is complete.

9.   The above-named counsel of record for defendant shall, as the defense team's custodian of the Protected Discovery, keep a list of witnesses who have agreed to be bound by the terms of this Protective Order, which list may be disclosed to the Court in the event that the Court is asked to determine whether a possible breach of the Protective Order has occurred.

10.  The defense team shall maintain the Protected Discovery safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

11. To the extent that notes are made that memorialize, in whole or in part, the contents of any Protected Discovery, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Discovery and must be handled in accordance with the terms of the Protective Order.

12. In the event that a party needs to file Protected Discovery with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless the parties agree in writing that the specific document or documents may be filed in the public record.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention before the filing.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Sensitive Information and make all reasonable attempts to limit the divulging of Sensitive Information.

13. Upon the final disposition of this case, the Protected Discovery shall not be used, in any way, in any other matter, absent a court order.  All Protected Discovery maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return the Protected Discovery, certify that such materials have been destroyed, or certify that such materials are being kept by defense counsel pursuant to the Business and Professions Code and the Rules of Professional Conduct.

14. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must sign this Protective Order before any Protected Discovery may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of the Protected Discovery and who shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or certifying the retention pursuant to the Business and Professions Code and the Rules of Professional Conduct of all Protected Discovery.

15. The parties may modify the definition of Sensitive Information by stipulation.

IT IS SO ORDERED.

August 19, 2020
_____              _____
DATE                                  HONORABLE OTIS D. WRIGHT II
                                      UNITED STATES DISTRICT JUDGE