STEPHANIE S. CHRISTENSEN
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>RAMON OLORUNWA ABBAS,<br>  aka "Ray Hushpuppi,"<br>  aka "Hush,"<br><br>         Defendant. | No. CR 2:20-CR-322-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENSE REQUEST TO CONTINUE SENTENCING AND ORDER GOVERNMENT TO PRODUCE JUMA DISCOVERY; DECLARATION OF KHALDOUN SHOBAKI |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Khaldoun Shobaki, hereby opposes Defendant's Request to Continue Sentencing and Order Government to Produce Juma Discovery ("Motion").  There is no good cause to grant the Motion, or to further delay the already long-delayed sentencing in this case.

**I.   Defendant Has Known About the PSR's Recommendation of the 3-Point Role Enhancement for More than Ninth Months.**

The Presentence Investigation Report ("PSR") in this case, which

recommends a 3-point role enhancement, was disclosed to the parties on January 10, 2022, more than nine months ago.  (Dkt. 57.)  On numerous occasions since that time, and in writing no later than March 2022, the government informed counsel for defendant that the government agrees with the role enhancement in the PSR.  (Shobaki Decl. ¶¶ 6-7.)  Defendant has had notice of both the PSR and the government's position for many months and his Motion does not explain – because it cannot – the need for further delay on the eve of sentencing to reply to long-known sentencing positions.

**II.    The Government Provided Defendant with all Relevant Discovery, and the 3-Point Role Enhancement is Based on Defendant's Own Comprehensive Admissions in the Plea Agreement.**

The government has repeatedly explained, as does the PSR, that the 3-point role enhancement is justified based on <u>facts admitted by defendant in the factual basis of his plea agreement and sworn by him at his change of plea</u>.  This matter is addressed in more detail in the government's sealed sentencing papers.  (Dkt. 64.)  Suffice it to say here that defendant's admissions, which defendant also agrees in his plea agreement are relevant conduct, are properly considered by the Court at sentencing, and are the basis for the enhancement: "Defendant agrees that his acts in furtherance of this scheme are relevant conduct, as defined in U.S.S.G. § 1B1.3."  (Dkt. 46 (Redacted Plea Agreement) at 14.)

The government has produced extensive discovery to defendant, in compliance with both its legal obligations and Department of Justice policies – including Federal Rule of Criminal Procedure 16 and <u>Brady</u>.  Defendant's own sworn admissions constitute the basis for the 3-point role enhancement, and the government is not aware of evidence that

undermines those admissions by defendant.  The government has more than complied with its obligations, and no further discovery is warranted.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.").

Furthermore, the Motion fails to set forth the type of specific and tailored showing that courts require to compel discovery from the government.  Defendant has made no showing whatsoever of materiality in connection with his omnibus demand for "all the discovery" in United States v. Juma, 2:21-CR-203-ODW.  See United States v. Lucas, 841 F.3d 796, 805 (9th Cir. 2016) (showing of materiality required to compel discovery).  Defendant has failed to show any materiality in the Motion.  Defendant has failed to articulate any basis recognized by the law for the requested discovery order on the verge of sentencing.

*   *   *

Defendant's Motion does not demonstrate good cause for the requested continuance or the discovery order, and the government respectfully requests that the Court deny the Motion.

**DECLARATION OF KHALDOUN SHOBAKI**

I, Khaldoun Shobaki, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am the prosecutor representing the government in this case.

2. Defendant entered a guilty plea pursuant to a written plea agreement on April 20, 2021, and the Court set a sentencing date of October 25, 2021. (Dkt. 40.)

3. On October 12, 2021, pursuant to a stipulation, on defendant's request, sentencing was continued to February 17, 2022. (Dkt. 55.) Thereafter, the Court advanced the sentencing to February 14, 2022.

4. The PSR was disclosed on January 10, 2022 and recommended a 3-point aggravating role enhancement pursuant to § 3B1.1(b). (PSR ¶¶ 63-67.) The facts cited in the PSR in support of the role enhancements are facts admitted by defendant in the factual basis of his plea agreement.

5. In January 2022, defense counsel raised with me the same arguments that he makes about the role enhancement in his recently filed sentencing position (Dkt. 66), PSR objections (Dkt. 67), and the Motion (Dkt. 72).

6. At defendant's request, on February 2, 2022, the sentencing was continued to July 11, 2022. (Dkt. 58.)

7. In March 2022, in both written and oral communications, I explained to defense counsel the government's position that the 3-point role enhancement recommended by the PSR was correct. I also explained that the enhancement was justified by defendant's own detailed admissions in the plea agreement. I explained that this

relevant conduct was specifically contemplated as part of defendant's admissions and agreements in the plea agreement, including where "[d]efendant agree[d] that his acts in furtherance of this scheme are relevant conduct, as defined in U.S.S.G. § 1B1.3."  (Dkt. 46 (Redacted Plea Agreement) at 14.)

8.  Since at least March 2022, I have repeatedly informed defense counsel that the government agrees with the PSR's role enhancement.  The position that I have repeatedly explained to defense counsel is functionally identical to that in the government's sentencing papers.

9.  On June 24, 2022, at defendant's request, the sentencing was continued to September 21, 2022.  (Dkt. 59.)  At that time, I informed counsel that the government would oppose any further continuances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California, on September 13, 2022.

KHALDOUN SHOBAKI

2